E-FILED
Monday, 16 November, 2026 01:51:20 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| **MICHAEL REED,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 26-3349-SEM-DJQ** |
| | ) | |
| **BRITTANY GREENE, *et al.*,** | ) | |
| **Defendants.** | ) | |

# ORDER

**SUE E. MYERSCOUGH, United States District Judge:**

Plaintiff Michael Reed, proceeding *pro se* and currently in custody at Illinois River Correctional Center, filed a Complaint (#1) on October 6, 2026. The Complaint describes a medical condition that Plaintiff began suffering from while incarcerated at Western Illinois Correctional Center and from which he continues to suffer. Plaintiff names as Defendants: Western Warden Brittany Greene, Illinois River Health Care Unit Administrator ("HCUA") Casey Hanson, Wexford Health, and Centurion Health. The Court granted Plaintiff leave to proceed *in forma pauperis*, and the case is now before the Court for a merit review of his claims.

## BACKGROUND

Plaintiff is in ongoing stomach pain due to a hernia. He alleges that "this all started" in October of 2024 while he was incarcerated at Western. He alleges that Greene "knowingly and intentionally [has] committed the acts of failing to provide me with fair and proper medical treatment[.]" Plaintiff asserts that developing a hernia was "absolutely preventable" and that the "situation has not been addressed properly."

Plaintiff has "been dropping sick call slips every week to see the doctor." He does not state when he began doing this, or what the results have been. Plaintiff maintains that there has been a "lack of care by Wexford Healthcare, Centurion Healthcare, and Brittany Green [sic] (HCUA)."

## ANALYSIS

<u>Request for Counsel</u>

Plaintiff has filed a Motion to Request Counsel (#5). In determining whether the Court should attempt to find an attorney to voluntarily take a case, the Court asks: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been

effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). Plaintiff does not state that he has made any attempts to obtain counsel and does not assert that he has been precluded from doing so. A plaintiff's failure to "show the district court that he tried to obtain counsel on his own" is "reason enough to deny the request" for counsel. *Rivera v. Jimenez*, 556 F. App'x 505, 507 (7th Cir. 2014). Accordingly, Plaintiff's Motion to Request Counsel (#5) is DENIED.

Merit Review

Pursuant to 28 U.S.C. § 1915A, the Court must "screen" Plaintiff's complaint and, through such process, identify and dismiss any legally insufficient claim or the entire action if warranted. A claim is defective if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A. In reviewing a complaint, the court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir.

2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff has not stated a claim for deliberate indifference to a serious medical need against any Defendant. "For a defendant to be liable under section 1983, she must be personally responsible for the alleged deprivation of the plaintiff's constitutional rights." *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018). Plaintiff's allegations are threadbare and conclusory, and therefore insufficient. *See Tierney v. Advoc. Health & Hosps. Corp.*, 797 F.3d 449, 452 (7th Cir. 2015); *Iqbal*, 556 U.S. at 679 (conclusory allegations "are not entitled to the assumption of truth").

Plaintiff does not describe what either individual Defendant in this case actually *did* that led to him developing a hernia or suffering additional pain due to a hernia. Greene cannot be held liable under § 1983 for the undescribed deficiencies in Plaintiff's medical care simply because she was the Warden. *See, e.g., Brown v. Randle*, 847 F.3d 861, 865 (7th Cir. 2017). And even assuming

that Plaintiff's reference to a lack of care by "Brittany Green [sic] (HCUA)" is meant to reference HCUA Hanson, Plaintiff still does not describe what conduct by Hanson amounted to a lack of care.

Further, Plaintiff's claims against the corporate Defendants are governed by *Monell v. Department of Social Servs. of the City of New York*, 436 U.S. 658, 690-94 (1978). *See Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235 (7th Cir. 2021). To state a claim for liability under *Monell*, a plaintiff must plausibly allege, *inter alia*, that the corporation caused his constitutional rights to be violated through some policy or widespread custom or practice. *McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000). While Plaintiff cites a "lack of care" by Wexford and Centurion, again, he does not describe the factual basis for this allegation. And he certainly makes no allegation of any policy or widespread custom or practice.

Accordingly, Plaintiff's Complaint must be dismissed for failure to state a claim. Plaintiff shall have 21 days from the date of this Order to file an amended complaint stating a federal claim. Failure to file an amended pleading by that deadline will result in dismissal of this matter with prejudice.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's Motion to Request Counsel (#5) is DENIED.

2. Plaintiff's Complaint is DISMISSED for failure to state a claim.

3. Plaintiff shall have 21 days from the date of this Order to file an amended complaint stating a federal claim. Failure to file an amended pleading by that deadline will result in dismissal of this matter with prejudice.

ENTERED November 16, 2026.

s/ *Sue E. Myerscough*

**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**